### Ex parte SCHMEID.

[1 Dill. 587; [1] 2 Chi. Leg. News, 186.]

Circuit Court, D. Iowa. 1871.

HABEAS CORPUS — ENLISTMENT INTO MILITARY SERVICE—FRAUDULENT REPRESENTATIONS BY RECRUITING OFFICER.

At law.

Mr. Nash, for relator.
Mr. Little, for the United States.

DILLON, Circuit Judge. I rule the following points:

1. The validity of the enlistment of a person into the military service of the United States may be inquired into on habeas corpus by a United States judge.

2. If the enlistment was procured by fraudulent representations on the part of the recruiting officer, and has never been ratified by the party; or if, in consequence of his want of acquaintance with the English language, a foreigner enlists, not knowing that he is actually entering the service, but supposing that he is simply taking the preparatory steps, in either case, he may, on prompt application, be discharged on habeas corpus.

3. If a party at the time of his enlistment, denies that he is a married man, and enlists

as a single man, the fact that he has a wife and child does not entitle him to be discharged on habeas corpus, although it is provided in the army regulations that no married man shall be enlisted without special authority from the adjutant general's office.